**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TV TOKYO CORPORATION,

Plaintiff,

v.

ANIMELINGERIES, et al.,

Defendants.

Civil Action No. 26-cv-1513

**Judge: Hon. William S. Stickman IV**

**STIPULATED PRELIMINARY INJUNCTION ORDER**

Plaintiff TV Tokyo Corporation ("Plaintiff") filed a Motion for Temporary Restraining Order and hearing for preliminary injunction against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto ("Defendant") and using at least the online marketplace accounts identified in Schedule A (the "Seller IDs"). A hearing regarding Plaintiff's request for a Preliminary Injunction was held on August 17, 2026, via teleconference. This Court entered a Preliminary Injunction against all non-appearing defendants and continued the hearing for defendant Mystic Eyes (Doe # 8) until August 31, 2026. Dkt. 46. This Stipulated Preliminary Injunction Order is entered in lieu of the August 31, 2026 hearing with respect to defendant Mystic Eyes only.

Defendant Mystic Eyes (Doe #8) met and conferred with Plaintiff and agreed to a stipulated preliminary injunction which includes a cap on the asset restraint previously implemented by the Court's Temporary Restraining Order, Dkt. 23. Court makes the following findings of fact and conclusions of law:

This Court finds Plaintiff has provided notice to Defendant Mystic Eyes (Doe #8) in accordance with the Temporary Restraining Order entered July 20, 2026, Dkt. 23, and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Pennsylvania. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Pennsylvania residents by setting up and operating e-commerce stores that target United States consumers using seller aliases, offer shipping to the United States, including Pennsylvania, and have sold products using infringing versions of Plaintiff's federally registered copyrighted works PA 2-276-002, PA 2-277-887, and PA 2-431-062, (collectively, the "Copyrighted Works"), to residents of Pennsylvania.

In this case, Plaintiff has presented screenshot evidence that Defendant's e-commerce store is reaching out to do business with Pennsylvania residents by operating a commercial, interactive internet store through which Pennsylvania residents can and do purchase products using reproductions, infringing copies, or colorable imitations of the Copyrighted Works. See Docket No. 1 at Ex. 2, which includes screenshot evidence confirming that Defendant's Seller IDs does stand ready, willing and able to ship infringing goods to customers in Pennsylvania bearing infringing versions of the Copyrighted Works. Plaintiff's Copyrighted Works are shown below:

| | **Plaintiff's Registered Works** |
|---|---|
| **Title of Work** | **Screenshots That Contain Certain Iconic Elements** |
| NARUTO (#353): The Tale of Jiraiya the Gallant<br><br>**Reg number**<br>(PA 2-276-002)<br><br>**First Published**<br>(October 29, 2009) | <br><br> |

| | Plaintiff's Registered Works |
|---|---|
| **Title of Work** | **Screenshots That Contain Certain Iconic Elements** |
| NARUTO (#114): Good-Bye Old Friend…!I'll Always Believe You!<br><br>**Reg number**<br>(PA 2-277-887)<br><br>**First Published**<br>(December 15, 2004) |       |

| | |
|---|---|
| NARUTO Enter: Naruto Uzumaki!<br><br>**Reg number**<br>(PA 2-431-062)<br><br>**First Published**<br>(February 15, 2007) | <br><br><br> |

This Court also finds that the injunctive relief previously granted in the Temporary Restraining Order entered July 20, 2026 (Dkt. 23) should remain in place as modified herein through the pendency of this litigation and that issuing this Stipulated Preliminary Injunction Order is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of Plaintiff's request for preliminary injunctive relief establishes that Plaintiff has demonstrated a likelihood of success on the merits; that Plaintiff will suffer irreparable harm if the injunction is not granted, including because no adequate remedy at law exists; that the balance of hardships tips in Plaintiff's favor; and that the public interest is served by entry of this Stipulated Preliminary Injunction Order.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff owns valid copyrights in the Copyrighted Works that are registered with the U.S. Copyright Office, (2) Defendant is not licensed or authorized to use the Copyrighted Works, and (3) Defendant has copied constituent elements of the Copyrighted Works that are original and marketed and sold unauthorized reproductions of such works in commerce. Furthermore, Defendant's continued and unauthorized use of the Copyrighted Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to prevent the continued infringement of Plaintiff's valid copyrights and to dispel the public confusion created by Defendant's actions.

IT IS HEREBY ORDERED that:

1. Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

a. using the Copyrighted Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the Copyrighted Works;

b. passing off, inducing, or enabling others to sell or pass off any product bearing unauthorized reproductions of Plaintiff's Copyrighted Works as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with the Copyrighted Works;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, importing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Copyrighted Works, or any reproductions, infringing copies, or colorable imitations.

2. IT IS FURTHER ORDERED that Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts, in an aggregate amount not to exceed $10,000 across all of Defendant's financial accounts and all Third Party Providers combined, as set forth in Paragraphs 5 and 8 of this Order.

3. Upon Plaintiff's request, Defendant and any third party with actual notice of this Order who is providing services for Defendant, or in connection with any of Defendant's Seller IDs, including, without limitation, any online marketplace platforms such as Amazon, Walmart, Temu, any domain registrars, web hosting providers, and any other platforms on which Defendant may operate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including all documents and records in such person's or entity's possession or control relating to:

   a. the identity and locations of Defendant, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller IDs and Defendant's financial accounts, including Defendant's sales and listing history related to their Seller IDs; and

   c. any financial accounts owned or controlled by Defendant, including their officers, agents, servants, and employees, and any persons acting in active concert or participation with them after receiving actual notice of this Order, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal") or other payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements, product listings, storefronts, and other content used by or associated with Defendant in connection with the sale of infringing goods using the Copyrighted Works.

5. IT IS FURTHER ORDERED that all Third Party Providers are restrained from causing or assisting in the secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendant's assets from or to any financial accounts associated with or utilized by Defendant or any user account or Seller ID associated with Defendant (whether said account is located in the United States or abroad), provided that the total amount of assets restrained shall not exceed $10,000 as agreed by the parties.

6. IT IS FURTHER ORDERED that Plaintiff may provide notice of the proceedings in this case to Defendant, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendant by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford Defendant the opportunity to present objections.

7. IT IS FURTHER ORDERED that sufficient cause has been shown that the injunctive relief previously granted on July 20, 2026 (Dkt. 23) shall remain in place through the pendency of this litigation, as stated in this Stipulated Preliminary Injunction Order as to Defendant

Mystic Eyes (Doe #8) only, and issuing this Stipulated Preliminary Injunction Order is warranted under Fed. R. Civ. P. 65, based on the findings set forth above and the parties' stipulation.

8. In accordance with the parties' agreement, the asset freeze implemented by the previous Temporary Restraining Order is capped at $10,000 for Defendant Mystic Eyes (Doe #8). Any surplus of frozen funds beyond this amount for Defendant shall be released to Defendant, provided that Defendant remains in compliance with this Order. In the event Defendant fails to comply with this Order, Plaintiff may seek reinstatement of the full asset freeze as to that Defendant by motion to the Court.

9. IT IS FURTHER ORDERED that the $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

10. Nothing in this Order constitutes an admission by Defendant Mystic Eyes (Doe #8) of any fact, liability, or wrongdoing, and the findings set forth above are made solely for purposes of this Stipulated Order and on the basis of the parties' stipulation. Defendant reserves all rights, claims, and defenses in this action, including as to the merits and the amount of any damages. This Order shall not be offered or admitted in any other proceeding as evidence of infringement or liability.

SO ORDERED:

s/ William S. Stickman IV

The Honorable William S. Stickman IV
United States District Judge

Dated: 08/27/26

**SCHEDULE A**

| Doe No. | Seller Alias | Seller ID |
|---|---|---|
| 8 | Mystic Eyes | Mystic Eyes |